FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

,

FOR THE DISTRICT OF NEW MEXICO      OCT 21 2021

MITCHELL R. ELFERS
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 18-3890 JB |
| | ) | |
| **MEGAN NICHOLE BICONDOVA,** | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, **MEGAN NICHOLE BICONDOVA**, and the Defendant's counsel, Aric Elsenheimer:

### REPRESENTATION BY COUNSEL

1.     The Defendant understands the Defendant's right to be represented by an attorney and is so represented.   The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2.     The Defendant further understands the Defendant's rights:

   a.     to be prosecuted by indictment;

   b.     to plead not guilty, or having already so pleaded, to persist in that plea;

   c.     to have a trial by jury; and

   d.     at a trial:

      i.     to confront and cross-examine adverse witnesses,

      ii.      to be protected from compelled self-incrimination,

      iii.     to testify and present evidence on the Defendant's own behalf, and

      iv.     to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.     The Defendant agrees to waive these rights and to plead guilty to an information, charging a violation of 18 U.S.C. § 3, that being an accessory after the fact.

## SENTENCING

4.     The Defendant understands that the maximum penalty provided by law for this offense is:

a.     imprisonment for a period of not more than 15 years;

b.     a fine not to exceed the greater of $125,000.00 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

c.     a term of supervised release of not more than three years to follow any term of imprisonment.  (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

d.     a mandatory special penalty assessment of $100.00; and

e.     restitution as may be ordered by the Court.

5.     The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

## ELEMENTS OF THE OFFENSE

6.    If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

18 U.S.C. § 3, that being, accessory after the fact

| | |
|---|---|
| *First*: | Another person committed the crime of kidnapping, which is an offense against the United States; |
| *Second*: | The defendant knew another person had already committed the crime of kidnapping; |
| *Third:* | The defendant then helped that person try to avoid being arrested, prosecuted, or punished; |
| *Fourth*: | The defendant did so with the intent to help that person avoid being arrested, prosecuted, or punished. |

## DEFENDANT'S ADMISSION OF FACTS

7.    By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty.   I recognize and accept responsibility for my criminal conduct.   Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the information that increase the statutory minimum or maximum penalties.   I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

**On July 26, 2018, I dropped off two men, Jose Ramirez and Ian Smalls, at a home in Placitas, New Mexico.   I did not know what the two men intended to do at the**

home, but I presumed that they were going to commit a home burglary. After I dropped them off, I drove to a nearby gas station, which was the pre-determined rendezvous point. Later that morning, they arrived at the gas station in a pickup truck that had a rolled-up carpet in the bed. After a brief conversation with Jose Ramirez and Ian Smalls, they got into the pickup truck and I followed them in my vehicle to a compound on the west side of Albuquerque. After arriving at the compound, I realized, for the first time, that a man was man inside the carpet that was rolled in the bed of the pickup truck. The man had a bloody face. Jose Ramirez left the compound for approximately two hours while Ian Smalls and I remained at the location and kept the man inside the truck. When Jose Ramirez returned, Ian Smalls and I left the compound, went to a Walmart to buy fresh clothing, and returned to Ian Smalls' residence. I have learned, and do not dispute, that the man I saw rolled in the carpet was held at the compound by Jose Ramirez and others for approximately 15 hours. I have further learned, and do not dispute, that the truck that facilitated the kidnapping was not manufactured in the State of New Mexico, thus it is a facility and instrumentality of interstate commerce. Consequently, the man in the truck was kidnapped in violation of 18 U.S.C. § 1201. The following day, Jose Ramirez called me and advised that the FBI had "hit" two houses, and he needed a place to stay. I assisted in arranging for a place for Jose Ramirez to stay at a residence near the Isleta reservation. I received no money or any other consideration for my role in the offense.

8.    By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime to which the Defendant is pleading guilty.   The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

<strong><u>RECOMMENDATIONS/STIPULATIONS</u></strong>

9.    Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend as follows:

a.    As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct.   Consequently, pursuant to USSG § 3E1.1(a), so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines, and if applicable, a reduction of an additional offense level pursuant to USSG § 3E1.1(b

b.    The Defendant understands that the above recommendations are not binding on the Court and that whether the Court accepts these recommendations is a matter solely within the discretion of the Court after it has reviewed the presentence report.   Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence.   If the Court does not accept any one or more of the above recommendations and reaches an advisory guideline sentence different than expected by the Defendant, or if the Court varies from the advisory guideline range, the Defendant will not seek to

withdraw the Defendant's plea of guilty.   In other words, regardless of any of the parties' recommendations, the Defendant's final sentence is solely within the discretion of the Court.

    c.    The United States stipulates that the specific offense characteristics set forth in USSG §§ 2A4.1(b)(1), (b)(2), and (b)(3) are inapplicable to the Defendant's conduct in this matter.

10.    Apart from the recommendations and stipulations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the application of factors in 18 U.S.C. § 3553(a). Regardless of any other provision in this  agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under USSG § 1B1.3.

## DEFENDANT'S ADDITIONAL AGREEMENT

11.    The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

12.    The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

13.     The Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

14.     By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal.  Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

## RESTITUTION

15.     The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A.

## WAIVER OF APPEAL RIGHTS

16.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed.   Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence,

including any fine, at or under the maximum statutory penalty authorized by law, as well as any

sentence imposed below or within the Guideline range upon a revocation of supervised release in

this cause number.    The Defendant also waives the right to appeal the denial of any motion filed

under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's

determination that "extraordinary and compelling reasons" for a sentence reduction are lacking

or that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a).

In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s)

and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other

extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

17.    Provided that the Defendant fulfills the Defendant's obligations as set out above,

the United States agrees that:

    a.    Following sentencing, the United States will move to dismiss the charges

        against the defendant in indictment CR-18-3890.

    b.    The United States will not bring additional criminal charges against the

        Defendant arising out of the facts forming the basis of the present information.

18.    This agreement is limited to the United States Attorney's Office for the District of

New Mexico and does not bind any other federal, state, or local agencies or prosecuting

authorities.

## VOLUNTARY PLEA

19.    The Defendant agrees and represents that this plea of guilty is freely and

voluntarily made and is not the result of force, threats, or promises (other than the promises set

forth in this agreement and any addenda).    There have been no promises from anyone as to what

sentence the Court will impose.   The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

20.    The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

21.    At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $100 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

22.    This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.   This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this ___ day of _October_, 2021.

> FRED J. FEDERICI
> Acting United States Attorney
>
> for Jack E. Burkhead
> Assistant United States Attorney
> Post Office Box 607
> Albuquerque, New Mexico   87102
> (505) 346-7274

I have carefully discussed every part of this agreement with my client.   Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.   In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty.   To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

> ARIC ELSENHEIMER
> Attorney for the Defendant

I have carefully discussed every part of this agreement with my attorney.   I understand the terms of this agreement, and I voluntarily agree to those terms.   My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

> MEGAN NICHOLE BICONDOVA
> Defendant